UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICK W. HOLM and DANIEL M. HOLM, | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) 11 C 1798 ) ) Judge Feinerman |
| JASON M. CLARK, SHELDON R. SOBOL, RYAN GASTEIER, ZIAD AIYASH, PATRICIA YODKA, PATRICK OSLAKOVICH, CHRIS HARSEIM, FRED J. EHRMAN, DAVID CRAIG KASHER, and NECIA GUDGEON, | ) ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Nick Holm and Daniel Holm brought this suit under 42 U.S.C. §§ 1983, 1985, and 1986 and Illinois law against two groups of defendants. The first group consists of private citizens: Ziad Aiyash, Ryan Gasteier, Necia Gudgeon, Patrick Oslakovich, and Patricia Yodka. The second group consists of public officials: former Grundy County State's Attorney Sheldon Sobol, and Coal City Police Officers Jason M. Clark, Fred J. Ehrman, Chris Harseim, and David Craig Kasher.

A default was entered against Yodka pursuant to Federal Rule of Civil Procedure 55(a) after she failed to appear. Doc. 48. Officers Clark, Ehrman, Harseim, and Kasher then jointly moved for summary judgment under Rule 56. Doc. 50. That motion has been granted with respect to the federal claims against the officers. Doc. 74. Now before the court are Rule 12(b)(6) motions by four of the five private citizens (Aiyash, Gasteier, Gudgeon, and Oslakovich) and by State's Attorney Sobol to dismiss the claims against them (Docs. 7, 13, 24,

-1-

28, 31, 49), the Holms' Rule 55(b) motion for a default judgment against Yodka (Doc. 64), and the Holms' motion to supplement their response to Gasteier's motion to dismiss (Doc. 61). The Holms' motion to supplement is granted. For the reasons set forth below, the federal claims against Aiyash, Gastier, Gudgeon, Oslakovich, Sobol, and Yodka are dismissed with prejudice, the state law claims against those defendants are dismissed without prejudice under 28 U.S.C. § 1367(c), and the Holms' motion for a default judgment against Yodka is denied.

**Background**

The well-pleaded facts alleged in the complaint are assumed true on a Rule 12(b)(6) motion. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Any legal conclusions pressed in the complaint are not presumed to be true. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 465 (7th Cir. 2010). Orders entered and filings made in this and other courts are subject to judicial notice on a Rule 12(b)(6) motion. *See Wigod v. Wells Fargo Bank*, __F.3d__, 2012 WL 727646, at *2 (7th Cir. Mar. 7, 2012) (collecting cases); *Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492-93 (7th Cir. 2011). To the extent a judicially noticed court document contradicts the complaint's allegations, the court document takes precedence. *See In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007); *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). The following sets forth the facts as favorably to the Holms (who for ease of exposition are referred to by their first names) as permitted by the complaint and other materials that may be considered on a Rule 12(b)(6) motion.

This case involves two separate episodes. The first occurred in March 2010, when Gasteier beat up Daniel while on Oslakovich's property. Daniel suffered a broken nose and facial swelling, and his 2002 Dodge Ram also was damaged. On April 20, 2010, Daniel was charged with aggravated assault and disorderly conduct related to the incident. The disorderly

conduct charge was dismissed, but Daniel was convicted of aggravated assault. The complaint alleges without any supporting detail that Gudgeon, Yodka, and Aiyash conspired to have Gasteier attack Daniel; that Officers Ehrman and Kasher conspired with State's Attorney Sobol to criminally charge Daniel; and that Oslakovich conspired with the police and others at Daniel's trial to ensure that Daniel would be convicted.

The second episode occurred in May 2010, when Yodka accused Daniel and Nick of battery and criminal trespass to residence. The Holms allege that the accusation was false and that they were home that night. On May 19, 2010, Officer Harseim and State's Attorney Sobol charged the Holms with battery and criminal trespass to residence. The Holms were arrested, but the charges were dismissed. According to the Holms' complaint, Aiyash allowed Yodka to live rent-free at his home as a reward for making the false accusations. The complaint alleges without any supporting detail that Yodka conspired with Officer Clark to falsely accuse the Holms, and that Officer Harseim conspired with State's Attorney Sobol to have the Holms charged despite the lack of probable cause.

## Discussion

### I. Claims Against State's Attorney Sobol

The complaint's allegations against State's Attorney Sobol primarily relate to his decisions to charge the Holms with crimes. A prosecutor cannot be held liable under §§ 1983, 1985, or 1986 for deciding to bring criminal charges. *See Kalina v. Fletcher*, 522 U.S. 118, 127, 130 (1997) (absolute immunity protects a prosecutor's "determination that the evidence was sufficiently strong to justify a probable-cause finding, her decision to file charges, and her presentation of the information and the motion to the court"); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("in initiating a prosecution, … the prosecutor is immune from a civil suit for

-3-

damages under § 1983"); *Villegas v. Galloway*, 2012 WL 45417, at *1 (5th Cir. Jan. 9, 2012) (same under §§ 1983, 1985, and 1986); *Redwood v. Dobson*, 476 F.3d 462, 466 (7th Cir. 2007) (same under §§ 1983 and 1985); *Smith v. Shorstein*, 217 F. App'x 877, 879-80 (11th Cir. 2007) (same under §§ 1983, 1985, and 1986); *Snelling v. Westhoff*, 972 F.2d 199, 200 (8th Cir. 1992) (same). This is so even if, as the Holms maintain, the prosecutor acted without probable cause. *See Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("absolute immunity shields prosecutors even if they act … without probable cause") (internal quotation marks omitted). Sobol therefore is immune from liability for his decisions to charge the Holms with crimes.

In their brief opposing Sobol's motion to dismiss, the Holms claim that Sobol gave legal advice to the police that precipitated their allegedly improper arrests. Doc. 42 at 2. Although the complaint does not make this allegation, it may be considered on a Rule 12(b)(6) motion because it is consistent with the complaint. *See Gondeck v. A Clear Title and Escrow Exch.*, 2012 WL 773119, at *1 (N.D. Ill. Mar. 8, 2012) ("a district court must consider additional facts set forth in a brief opposing a Rule 12(b)(6) or Rule 12(c) motion so long as those facts are consistent with the complaint") (collecting cases). Citing *Burns v. Reed*, 500 U.S. 478 (1991), the Holms argue that Sobol is not protected by absolute immunity for constitutional violations arising from the legal advice he gave the officers. Doc. 42 at 2. In granting summary judgment against the Holms on their federal claims against the officers, however, the court ruled that the arrests complied with the Constitution. Doc. 74 at 5-9. The Holms cannot pursue § 1983 claims against Sobol for advising the officers to effectuate constitutional arrests. *See Starnes v. Capital Cities Media, Inc.*, 39 F.3d 1394, 1396 (7th Cir. 1994) ("[t]o state a valid cause of action under 42 U.S.C. § 1983, a plaintiff must allege first that the defendant has deprived the plaintiff of a

right secured by the Constitution and laws of the United States"). The same holds for any claims the Holms might have against Sobol under §§ 1985 and 1986.

The federal claims against Sobol therefore are dismissed with prejudice. That leaves the state law claims. The Holms seek damages from Sobol, which means that they are suing him in his personal capacity and not in his official capacity, which in turn means that the state law claims fall within the court's supplemental jurisdiction under 28 U.S.C. § 1367(a). *See Rodriguez v. Cook Cnty., Ill.*, 664 F.3d 627, 631-32 (7th Cir. 2011). The question then becomes whether the court should exercise its discretion under § 1367(c) to relinquish jurisdiction over the state law claims and dismiss them without prejudice. The court dismisses the state law claims for two independent reasons.

Section 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Accordingly, "[a]s a general matter, when all federal claims have been dismissed prior to trial, the federal court should relinquish jurisdiction over the remaining pendant state claims." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007). This rule has three exceptions: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Ibid*. None of the exceptions apply here. Because the state law claims are being dismissed on jurisdictional grounds, Illinois law gives the Holms one year to refile them in state court. *See* 735 ILCS 5/13-217; *Davis v. Cook Cnty.*, 534 F.3d 650, 654 (7th Cir. 2008). Substantial federal judicial resources have not yet been committed to the state law claims. And as noted immediately below, it is not clearly apparent how the state claims should be decided. It follows that

dismissing the state law claims without prejudice is appropriate under § 1367(c)(3). *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251-53 (7th Cir. 1994).

Section 1367(c)(1), which applies when the state law claim "raises a novel or complex issue of State law," 28 U.S.C. § 1367(c)(1), provides an independent basis for dismissal. Although Illinois recognizes some form of prosecutorial immunity, it is unclear whether the immunity is absolute or whether it requires a finding that the prosecutor acted without malice. *Compare Aboufariss v. City of De Kalb*, 713 N.E.2d 804, 812 (Ill. App. 1999) (holding that public official immunity, which requires that "a public official's actions … fall within the scope of the official's authority and … not be the result of malicious motives[,]" protects prosecutors from state law claims), *with White v. City of Chi.*, 861 N.E.2d 1083, 1088-93 (Ill. App. 2006) (referencing and applying federal law on prosecutorial immunity, which does not permit inquiry into a prosecutor's motives); *see also Gordon v. Devine*, 2008 WL 4594354, at *16 (N.D. Ill. Oct. 14, 2008) (noting the conflict among Illinois state courts regarding the scope of prosecutorial immunity from state law claims, and observing that "[f]ederal district [courts] are divided on the issue of whether an allegation of malice destroys a prosecutor's claim of absolute immunity"); *Barham v. McIntyre*, 2007 WL 1576484, at *8 (S.D. Ill. May 30, 2007) (discussing the same conflict). Dismissal without prejudice is appropriate for this reason as well. *See Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1266-67 (D.C. Cir. 1995) (directing the district court to relinquish supplemental jurisdiction over state law claims where those claims involve "issues that appear to have been resolved in conflicting ways by D.C. courts and federal courts attempting to apply D.C. law").

**II. Claims against Aiyash, Gasteier, Gudgeon, and Oslakovich**

    **A. Section 1983 Claims**

"In order to state a claim under § 1983, a plaintiff must sufficiently allege that (1) a person acting under color of state law (2) deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States." *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010). Private citizens like Aiyash, Gastier, Gudgeon, Oslakovich, and Yodka are deemed to have acted under color of state law when they "have conspired or acted in concert with state officials to deprive a person of his civil rights." *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003). To survive a motion to dismiss, a complaint's allegations of conspiracy must include more than "bare legal conclusion[s] unsupported by any factual basis." *Leahy v. Bd. of Trs. of Cmty. Coll. Dist. No. 508*, 912 F.2d 917, 922 (7th Cir. 1990).

The Holms' complaint alleges in the most conclusory fashion possible that Oslakovich and Yodka conspired with the officer defendants to violate the Holms' federal rights; no plausible basis is offered for that allegation. And the complaint does not even suggest that Aiyash, Gasteier, or Gudgeon conspired with any state official. The § 1983 claims against the private defendants accordingly are dismissed. The dismissal is with prejudice because any attempt to amend those claims would be futile. As noted above, the court has ruled that none of the incidents alleged in the complaint violated the Holms' federal rights. Doc. 74. It follows that the Holms cannot possibly plead a viable § 1983 claim against the private defendants for their alleged participation in those incidents. *See Starnes*, 39 F.3d at 1396.

    **B. Sections 1985 and 1986 Claims**

The Holms do not identify which of § 1985's three subsections they invoke, so the court will address all three.

A plaintiff proceeding under § 1985(1) must allege a conspiracy to prevent a *federal* official from discharging his or her official duties. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 283 n.15 (1993) ("[s]ection 1985(1) applies only to officers of the United States"); *Benningfield v. City of Houston*, 157 F.3d 369, 378 (5th Cir. 1998) ("§ 1985(1) applies in cases of interference with federal officials in the performance of their duties. § 1985(1) is not applicable to state officials."); *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717 (9th Cir. 1981) ("the statute's protections extend exclusively to the benefit of federal officers"); *Baron v. Carson*, 410 F. Supp. 299, 301 (N.D. Ill. 1976) ("On its face, [§] 1985(1) relates solely to federal officers and federal office holders. The dearth of reported case law on this specific issue appears to be no more than a reflection on the clarity of the statutory language, and the inapplicability of [§] 1985(1) to anyone but federal officers."). The complaint does not allege that any private defendant conspired to prevent a federal officer from discharging his or her official duties, so the Holms have no conceivable § 1985(1) claim.

"Section 1985(2) provides a cause of action to an individual when two or more persons have conspired to deter the individual from attending or testifying in federal court or for the purpose of impeding, hindering, obstructing, or defeating the due course of justice with the intent to deprive the individual of equal protection of the laws." *Dailey v. McKinney*, 2011 WL 761241, at *3 (S.D. Ind. Feb. 24, 2011); *see Copeland v. Nw. Mem'l Hosp.*, 964 F.Supp. 1225, 1236 (N.D. Ill. 1997). Racial or class-based animus is required to establish a § 1985(2) claim where the obstruction of justice is alleged to have occurred in a state court proceeding. *See Kush v. Rutledge*, 460 U.S. 719, 725 (1983); *Wright v. Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1507 (7th Cir. 1994). The same holds true under § 1985(3). *See Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002) ("under § 1985(3) … [t]he plaintiff must … show some racial, or

otherwise class-based, invidiously discriminatory animus behind the conspirators' actions") (citation omitted); *Kyle v. Morton High Sch.*, 144 F.3d 448, 457 (7th Cir. 1998). The Holms have not alleged racial or class-based animus on the part of the private defendants, which means they have no § 1985(2) or § 1985(3) claim. Indeed, the Holms' various filings in this case make clear that while they believe they were wronged in numerous ways by numerous people, they do not believe they were wronged because of their membership in a protected class. Docs. 38, 40, 42, 55, 56, 59, 61, 67.

Because the Holms have no viable § 1985 claim, they also cannot proceed under § 1986. *See Keri v. Bd. of Trs. of Purdue Univ.*, 458 F.3d 620, 643 (7th Cir. 2006) ("the Court does not have to address the [§ 1986] claim, which to be actionable, requires a violation under § 1985"). Accordingly, the §§ 1985 and 1986 claims against the private defendants are dismissed with prejudice.

### C. State Law Claims

The court exercises its discretion under § 1367(c) to dismiss without prejudice the state law claims against the private defendants. There are no statute of limitations obstacles to the Holms refiling the state claims in state court, and the court has not expended any judicial resources adjudicating those claims. Moreover, because the private defendants do not address the state law claims in their briefs, it is not clearly apparent how those claims should be decided. Under these circumstances, it is appropriate to relinquish jurisdiction over the state law claims.

## III. Claims Against Yodka

Because a Rule 55(a) default has been entered against Yodka, the court has the discretion to grant a default judgment against her under Rule 55(b). However, because Yodka is identically situated (other than having defaulted) to the other private defendants, equity counsels in favor of

giving her the benefit of the court's rulings regarding her cohort. Accordingly, the court vacates the entry of default against Yodka, dismisses with prejudice the federal claims against her, and dismisses without prejudice the state law claims against her.

## Conclusion

For the foregoing reasons, the federal claims against Aiyash, Gasteier, Gudgeon, Oslakovich, Sobol, and Yodka are dismissed with prejudice under Rule 12(b)(6), and the state law claims against those defendants are dismissed without prejudice under 28 U.S.C. § 1367(c). The Holms' motion for a default judgment against Yodka is denied. The Holms are free to bring their state law claims against these defendants in state court.

March 23, 2012

United States District Judge